UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BGC, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>KIMBERLY BRYANT,<br><br>    Defendant. | Case No. 22-cv-04801-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 64 |

On March 31, 2023, Plaintiff filed an emergency motion seeking to enforce the Court's previously entered temporary restraining order. (Dkt. No. 54.[1]) On April 4, 2023, the Court granted BGC's emergency motion, ordered Plaintiff to set up a new jointly-controlled account with Register.com, and ordered Ms. Bryant to transfer the relevant BGC domain names to the joint account. (Dkt. No. 58.) Three days later, BGC filed yet another emergency motion for a temporary restraining order and for contempt sanctions contending Ms. Bryant had failed to comply with the April 4 Order. (Dkt. No. 64.) At a hearing later that day, Plaintiff indicated it had learned shortly before the hearing that the domain names had been transferred to the joint account. Plaintiff's motion for contempt sanctions remains pending before the Court.

Under Civil Local Rule 7-8 "[a]ny motion for sanctions, regardless of the sources of the authority invoked" must comply with certain requirements including, as relevant here, (1) the motion be separately filed and noticed for a hearing under Civil L.R. 7-2; (2) the form of the motion must comply with Civil L.R. 7-2; and (3) the motion must comply with any applicable Federal Rule. Plaintiff's April 7, 2023 request for contempt sanctions does not comply with Local

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

Rule 7-8. While, for efficiency purposes, the Court set a briefing schedule on the motion for sanctions, it is apparent from Ms. Bryant's response to the motion this process did not work as the parties' briefs do not meet. Further, Plaintiff cites no authority for the proposition that contempt sanctions are proper when the conduct it sought to compel is moot. Plaintiff's reliance on *Yan v. Lei*, No. 11-CV-01814-RS (JSC), 2019 WL 7879950, at *2 (N.D. Cal. Nov. 12, 2019), report and recommendation adopted, No. 11-CV-01814-RS, 2020 WL 613959 (N.D. Cal. Jan. 15, 2020), is unpersuasive as there the court recommended sanctions to *compel compliance* with the court's order. There is no conduct to compel here. Plaintiff conceded at the April 7 hearing the domain names had been transferred to the joint account.

To the extent Plaintiff contends "Bryant's conduct serves as a basis for BGC to be awarded the cost and fees associated with this motion as a sanction under 28 U.S.C. § 1927" (Dkt. No. 69 at 7), sanctions under section 1927 are warranted when an "*attorney*…multiplies the proceedings in any case unreasonably and vexatiously." *See* 28 U.S.C. § 1927 (emphasis added). Sanctions under Section 1927 and the Court's inherent authority also require a finding of bad faith. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107-08 (9th Cir. 2002), as amended (Feb. 20, 2002). Plaintiff's motion includes no discussion of how these requirements have been met here.

Accordingly, Plaintiff's motion for sanctions is denied without prejudice to renewal in accordance with Civil Local Rule 7-8.

This Order disposes of Docket No 64.

**IT IS SO ORDERED.**

Dated: May 5, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge