UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BGC, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>KIMBERLY BRYANT,<br><br>   Defendant. | Case No. 22-cv-04801-JSC<br><br>**ORDER RE: MOTION TO AMEND FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 88 |

BGC, Inc. filed this action against its founder and former CEO, Kimberly Bryant, in August 2022 alleging Ms. Bryant hijacked the company's websites and rerouted them to her own website following her removal by the Board of Directors a few weeks earlier. Plaintiffs' motion to file a second amended complaint seeking to add two defendants is now pending before the Court. (Dkt. No. 88.[1]) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the August 3, 2023 hearing, and GRANTS Plaintiff's motion to amend.

**DISCUSSION**

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend a pleading before trial "with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Though Rule 15(a) is "very liberal ... a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Undue delay cannot alone justify the denial of a motion to amend. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708,

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

712–13 (9th Cir. 2001). The most important factor is prejudice to the opposing party. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971). A "determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Here, Plaintiff seeks leave to amend the complaint add claims against Kisha Richardson and Ewurabena Ashun who Plaintiff alleges aided and abetted Ms. Bryant's conduct underlying the legal claims here. In particular, Ms. Richardson is alleged to have "aided and directed Bryant on how to redirect the BGC Domains to point away from the BGC Website and how to prevent BGC from accessing the Bluehost.com and Register.com accounts." (Dkt. No. 88 at 8.) Ms. Ashun is alleged to have "altered BGC's login credentials to its BlueHost account without BGC' authorization or knowledge," provided those login credentials to Ms. Bryant, and changed the payment information on the Register.com account. (*Id.*) Plaintiff contends it moved to amend as soon as it received Ms. Bryant's discovery responses and became aware of the involvement of Ms. Richardson and Ms. Ashun. Ms. Bryant counters Plaintiff unduly delayed in moving to amend and amendment would be prejudicial.

Leave to amend is proper here. First, while Ms. Bryant contends she will be prejudiced because she will not be able to complete discovery regarding these additional defendants before discovery closes on August 3, 2023, she does not dispute Plaintiff's contention that she has not yet served any written discovery or taken any depositions. And, in any event, because Plaintiff seeks leave to add new parties, the case management schedule must be vacated to allow these additional parties the opportunity to appear and be heard. Ms. Bryant's objection that adding new defendants will result in a significant delay in the trial date because her counsel is unavailable between January 2024-September 2024, is unpersuasive—this delay is because of her counsel's unavailability, not Plaintiff's request to amend.

Second, there is no evidence of bad faith. Plaintiff has explained it sought to amend as soon as it discovered the additional facts regarding the involvement of Ms. Richardson and Ms. Ashun. While Plaintiff served the underlying discovery requests in January 2023, Ms. Bryant did not respond until June 9, 2023. (Dkt. No. 88-1, Fernandez Mabrie Decl. at ¶¶ 2-3.) Ms. Bryant's

2

contention that Plaintiff was aware of Ms. Ashun's involvement since September 2022 because she submitted a declaration in support of Ms. Bryant's opposition to the motion for a temporary restraining order is unpersuasive. The declaration Ms. Ashun submitted does not describe her involvement as currently alleged. (*Compare* Dkt. No. 29-2 *with* Dkt. No. 88-3 at 3-4.)

Third, there is no evidence of undue delay. Less than a week after receiving Ms. Bryant's discovery responses, including her text messages with Ms. Richardson and Ms. Ashun, Plaintiff reached out to Ms. Bryant to advise of its intent to amend and seek her stipulation to do so. (Dkt. No. 88-1, Fernandez Mabrie Decl. at ¶ 5.) After two additional unsuccessful attempts to contact Ms. Bryant's counsel, Plaintiff filed this motion on June 30, 2023, before the deadline to add parties and three weeks after the discovery responses were received.

Finally, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal quotations omitted). "The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011), on reh'g en banc, 681 F.3d 1041 (9th Cir. 2012) (internal citation and quotation marks omitted). The Court therefore "must accept as true all factual allegations in the [proposed] complaint," as it would on a Rule 12(b)(6) motion. *See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Ms. Bryant does not identify anything that suggests amendment of Plaintiff's complaint to add these defendants would be futile.

Accordingly, the balance of factors supports granting Plaintiff leave to amend under Rule 15(a)(2).

**CONCLUSION**

For the reasons stated above, Plaintiff's motion to amend is GRANTED. Plaintiff shall file the amended complaint by July 28, 2023 and serve the newly-added defendants forthwith.

In light of the addition of two new individual defendants, the case management schedule is VACATED. The Court sets a further case management conference for October 5, 2023 at 1:30

p.m. via Zoom video.  The parties shall meet and confer and file a joint updated statement with a proposed case schedule by September 28, 2023.

This Order disposes of Docket No. 88.

**IT IS SO ORDERED.**

Dated: July 24, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge